**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JACK McGEE, #M28326, | |
| Petitioner, | |
| v. | Case No. 20 C 3652 |
| JEFFERY DENNISON, Warden, Pinckneyville Correctional Center, | Judge Martha M. Pacold |
| Respondent. | |

**MEMORANDUM OPINON AND ORDER**

Jack McGee, an inmate at Pinckneyville Correctional Center, was convicted of attempted first degree murder in Illinois state court in 2012. In May 2020, McGee, proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent Jeffrey Dennison, the Warden of Pinckneyville Correctional Center, moved to dismiss. [11].[1] As explained below, Respondent's motion is granted because McGee's petition is untimely, and the court declines to issue a certificate of appealability.

**BACKGROUND**

In March 2012, a jury found McGee guilty of attempted first degree murder for the August 2010 shooting of his girlfriend, Kiara Mitchell.[2] *Illinois v. McGee*, 2014 IL App (1st) 121449-U, ¶¶ 2–3. McGee was sentenced to 42 years' imprisonment. *Id.* ¶ 2. McGee filed a direct appeal to the Illinois Appellate Court alleging that his trial counsel was ineffective and his sentence improper; the Illinois Appellate Court affirmed his conviction and sentence. *Id.* ¶¶ 1-2. On January 28, 2015, the Supreme Court of Illinois denied McGee's petition for leave to appeal. [11-3]. McGee's conviction became final on October 5, 2015, when the Supreme Court of the United States denied his petition for a writ of certiorari. *McGee v. Illinois*, No. 15-5153, 136 S. Ct. 194 (2015) (mem.).

---

[1] Bracketed numbers refer to docket entries and are followed by page and / or paragraph number citations. Page numbers refer to the CM/ECF page number.

[2] The jury also found McGee guilty of aggravated domestic battery and aggravated battery, but the trial court merged the battery counts into the attempted murder count. *McGee*, 2014 IL App (1st) 121449-U, ¶¶ 17, 19.

On March 10, 2016, McGee filed a pro se petition for postconviction relief in the Circuit Court of Cook County. [11-4] at 1; [11-1] at 19. The petition was signed and dated as of February 28, 2016. [11-4] at 43–44. The Circuit Court dismissed the petition on June 2, 2016. [11-5]. McGee appealed to the Illinois Appellate Court; on May 28, 2019, the Illinois Appellate Court affirmed the Circuit Court's dismissal. *Illinois v. McGee*, 2019 IL App (1st) 162526-U.

On June 23, 2020, McGee filed in this court a petition under 28 U.S.C. § 2254 for a writ of habeas corpus alleging that the prosecution had withheld exculpatory evidence and elicited perjury, his trial and appellate counsel were ineffective, the prosecution did not prove McGee's guilt beyond a reasonable doubt, part of his sentence was unconstitutional, and the cumulative effects of these errors deprived him of a fair trial. [1] at 5–7. The petition was signed and dated May 25, 2020. *Id.* at 8–9.

Respondent moved to dismiss, [11], on the basis that McGee's petition is untimely because it was filed outside the one-year limitations period.

## DISCUSSION

### I. Statute of Limitations

28 U.S.C. § 2244(d)(1) imposes "[a] 1-year period of limitation . . . to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The one-year limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[3] 28 U.S.C. § 2244(d)(1)(A). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. *Id.* § 2244(d)(2). Respondent argues that McGee's petition is untimely because the one-year limitations period ended well before McGee filed his petition in May 2020.

Even viewing the facts in the light most favorable to McGee, McGee's petition is time-barred. The limitations period began running on October 5, 2015, when the Supreme Court of the United States denied McGee's petition for certiorari on McGee's direct appeal from his conviction. The clock paused, at the earliest, on February 28, 2016, when McGee filed his petition for postconviction review in Illinois state court.[4] The clock restarted on July 2, 2019, when the time for McGee

---

[3] The limitations period can also run from alternative dates in circumstances that do not apply here. *See* 28 U.S.C. § 2244(d)(1)(B)–(D).

[4] Although it does not ultimately impact whether McGee's federal habeas petition is timely, the court reads McGee's pro se petition in the light most favorable to him, applies the prison mailbox rule, and assumes that McGee placed his petition for state postconviction review in the prison mail system on February 28, 2016, the date he signed the petition. *See*

2

to file a petition for leave to appeal the state appellate court decision expired.[5] McGee therefore needed to file his federal habeas petition no later than February 2020. Yet he did not file his habeas petition until May 25, 2020, well after the limitations period had ended.[6] Thus, McGee's petition is untimely.

McGee does not dispute that his petition was filed after the limitations period expired. Instead, McGee argues that the petition's untimeliness should be excused because he is proceeding pro se and is incarcerated, and the COVID-19 pandemic impacted the prison's operations.

The court liberally interprets McGee's arguments as a request for equitable tolling. "Equitable tolling of [the] one-year limitations period is an extraordinary remedy that is rarely granted." *Mayberry v. Dittmann*, 904 F.3d 525, 529 (7th Cir. 2018) (internal quotation marks omitted). "[T]o satisfy the high bar for equitable tolling, a habeas petitioner must demonstrate (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (citation and internal quotation marks omitted). "A petitioner bears the burden of establishing both elements of the . . . test; failure to show either element will disqualify him from eligibility for tolling." *Id.* at 529–30.

---

*Hurlow v. United States*, 726 F.3d 958, 962 (7th Cir.2013) ("The prison mailbox rule . . . provides that a prisoner's [filing] is deemed filed at the moment the prisoner places it in the prison mail system, rather than when it reaches the court clerk."); *Ray v. Clements*, 700 F.3d 993, 1004 (7th Cir. 2012) ("hold[ing] that the mailbox rule applies to a state pro se prisoner's post-conviction filings unless the state where the prisoner was convicted has clearly rejected the rule"); Ill. S. Ct. R. 373 (adopting prison mailbox rule under certain circumstances).

[5] McGee states in his petition that he sought leave to appeal from the Supreme Court of Illinois ([1] at 3) but provided no date or other information to confirm this, and there is no record showing that the Supreme Court of Illinois ever addressed such a request. Respondent asserts that the Supreme Court of Illinois has never received such a petition from McGee ([11] at 2 n.2), and McGee did not dispute this in his response. *See Thomas v. Norfolk S. Ry. Co.*, No. 09-cv-7383, 2013 WL 791449, at *7 n.13 (N.D. Ill. Mar. 4, 2013) (failure to respond to argument results in waiver). The court therefore assumes both that McGee did not file for leave to appeal and that his state court petition for postconviction relief remained "pending" under 28 U.S.C. § 2244(d)(2) until the 35-day period for McGee to file a petition for leave to appeal ended. Ill. S. Ct. R. 315(b); *see Fernandez v. Sternes*, 227 F.3d 977, 980 (7th Cir. 2000) (leaving open "the question whether time provided for filing a petition or appeal to a higher court is treated as time during which an application is pending[] if the time expires without a filing").

[6] The court again assumes in McGee's favor that, under the prison mailbox rule, McGee submitted his federal habeas petition to the prison mail delivery system on the day he signed it. *See Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999) (applying prison mailbox rule to "prisoners filing *pro se* habeas petitions[] . . . for statute of limitations purposes").

3

McGee has not carried his burden to establish that he is entitled to equitable tolling. First, McGee makes no argument and offers no evidence to show that he has been diligently pursuing his rights. Second, McGee has not shown that extraordinary circumstances prevented him from filing a timely petition. Under Seventh Circuit precedent, McGee's pro se and incarcerated status are not "extraordinary" circumstances. *Gray v. Zatecky*, 865 F.3d 909, 912–13 (7th Cir. 2017) (petitioner's pro se status "describes most habeas corpus petitioners and . . . is not 'extraordinary'"); *Johnson v. McCaughtry*, 265 F.3d 559, 566 (7th Cir. 2001) ("[H]abeas relief, by definition, is almost always sought by an incarcerated petitioner, and we decline to find that this circumstance is so extraordinary as to warrant the application of this rarely-applied doctrine."). And McGee offers no explanation or evidence for how COVID-19 (or the other circumstances he identifies) prevented him from filing in a timely manner. *See Mayberry*, 904 F.3d at 531 (affirming denial of equitable tolling where petitioner "fail[ed] to point to anything specific" that prevented him from filing a timely petition). McGee submitted several documents from the Illinois Department of Corrections titled "COVID-19 RESPONSE," one of which states that "[a]ll facilities remain on Administrative or Medical Quarantine" and refers to inmates having "restricted movement" ([13] at 5), but McGee does not explain how that prevented him from filing his petition in a timely manner. Further, COVID-19 restrictions did not come into force until early 2020, so COVID-19 cannot justify the delay that occurred before then. McGee has not established a valid basis for equitable tolling.

Accordingly, because the petition was filed after the limitations period ended, the petition is time-barred under 28 U.S.C. § 2244(d)(1).

## II. Certificate of Appealability

Having denied the petition, the court must also decide whether to issue or deny a certificate of appealability. "A certificate may issue only as to those claims for which the applicant has made a substantial showing of the denial of a constitutional right." *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001) (citing 28 U.S.C. § 2253(c)(2)). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because reasonable jurists would not find it debatable that McGee's petition is untimely, the court declines to issue a certificate of appealability.

### III.  Notice of Appeal Rights

This is a final decision ending the case in this court.  If petitioner wishes to appeal, he must file a notice of appeal in this court within thirty days of the entry of judgment.  *See* Fed. R. App. P. 4(a)(1).  He need not bring a motion to reconsider this court's ruling to preserve his appellate rights.  However, if he wishes the court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b).  A Rule 59(e) motion must be filed within 28 days of the entry of judgment.  *See* Fed. R. Civ. P. 59(e).  A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon.  *See* Fed. R. App. P. 4(a)(4)(A)(iv).  A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order.  *See* Fed. R. Civ. P. 60(c)(1).  A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment.  *See* Fed. R. App. P. 4(a)(4)(A)(vi).  The time to file a motion pursuant to Rule 59(e) or Rule 60(b) cannot be extended.  *See* Fed. R. Civ. P. 6(b)(2).

## CONCLUSION

The motion to dismiss is granted, the petition is dismissed with prejudice, and the court declines to issue a certificate of appealability.

Dated:  September 30, 2021 /s/ Martha M. Pacold